IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

**FILED**

**June 15, 1998**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | FOR PUBLICATION |
| | ) | |
| Appellee, | ) | FILED: |
| | ) | |
| v. | ) | CHEATHAM COUNTY |
| | ) | |
| JAMES BLANTON | ) | HON. ALLEN W. WALLACE, JUDGE |
| | ) | |
| Appellant. | ) | NO. 01-S-01-9605-CC-00093 |

CONCURRING AND DISSENTING OPINION

I join the majority in affirming the conviction of the defendant on two counts of premeditated first-degree murder, three counts of grand larceny, and three counts of first-degree burglary. However, because I conclude that the punishment of death is disproportionate under the record in this case, I respectfully dissent.

The defendant argues that the "heinous, atrocious, and cruel" aggravating circumstance cannot apply to him because there is no evidence that he shot or stabbed Mrs. Vester. The majority disposes of his argument by concluding that the evidence was clearly sufficient to support the convictions. However, the "sufficiency of the evidence" analysis, utilized to determine whether to uphold a <u>conviction</u>, should not also be utilized to uphold imposition of the death penalty. Clearly, its standard of review is too deferential for use in this context. <u>See</u> <u>State v. Sutton</u>, 761 S.W.2d 763, 764-65 (Tenn. 1988), <u>cert. denied</u>, 497 U.S. 1031, 110 S. Ct. 3287, 111 L. Ed.2d 796 (1990) (when determining

the sufficiency of the evidence, the standard of review is whether, after considering the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).  The death penalty involves the most serious of all constitutional issues. Consequently, evidence should be scrutinized closely when a court is reviewing its imposition.

As stated, I agree with the majority's conclusion that the evidence is clearly sufficient to support the convictions, even though there is no direct evidence that the defendant shot or stabbed either victim.  With respect to the sentence, however, I am unwilling to acquiesce in the imposition of the death penalty without a closer link between the defendant and the perpetration of the crime.  As Justice Reid noted in his dissent, the evidence does not even necessarily place the defendant at the scene of the killings as they were occurring.  For this reason, I conclude that "the defendant's involvement or role in the murder[s]," a factor of proportionality, is dispositive here.  Because there is no direct evidence that the defendant was present at the time of the killings, I conclude that the penalty of death is disproportionate, and indeed unconstitutional.  See Tison v. Arizona, 481 U.S. 137, 107 S. Ct. 1676, 95 L. Ed.2d 127 (1987); State v. Branam, 855 S.W.2d 563, 570-71 (Tenn. 1993).  Accordingly, I respectfully dissent.

---

ADOLPHO A. BIRCH, JR., Justice

2